# EXHIBIT A
# TO REMOVAL PETITION

# IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
## SUMMONS IN A CIVIL ACTION

NO. C.H. 08-1462-1        AD DAMNUM $_____        AUTO ____   OTHER ____

**MARY LOUISE TAYLOR,**
    **Plaintiff**

**vs.**

**STANDARD INSURANCE COMPANY,**

    **Defendant(s)**

To the Defendant(s):    **STANDARD INSURNACE COMPANY**
        **900 S.W. Fifth Avenue, Portland, Oregon 97204**

**You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your Answer to the Complaint on Kevin A. Snider of Snider & Horner, PLLC, Plaintiff's attorney, whose address is in Corporate Gardens at 9056 Stone Walk Place, Germantown, Tennessee 38138 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.**

DEWUN R. SETTLE
KENNY ARMSTRONG, Chancery Court Clerk

**TESTED AND ISSUED**

_____8_ August_____ 20 08        By _____ D.C.

## TO THE DEFENDANT(S):

Pursuant to Tennessee Code Annotated Section 26-2-114, you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the Plaintiff(s) in the event the said Plaintiff(s) shall not pay the same.

Witness my hand this _____ day of _____, 20_____.
Certification when applicable

DEWUN R. SETTLE
I, KENNY ARMSTRONG, Clerk of the Chancery Court, Shelby County, Tennessee, KEVIN A. SNIDER of Snider & Horner, PLLC
Certify this to be a true and accurate copy as filed this 8 _____
DEWUN R. SETTLE
KENNY ARMSTRONG, Clerk - By _____

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the

summons and a copy of the Complaint to the following Defendant(s): _____

_____

MARK LUTTRELL, Sheriff

By _____, Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the

summons and a copy of the Complaint to the following Defendant(s): _____

_____

(Please Print the Following)

Private Process Server: _____     Company: _____

Address: _____     Phone: _____

Signature: _____

Other manner of service:

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
because he/she/it is (are) not to be found in this County after diligent search and inquiry for the following reasons:

_____

This _____ day of _____, 20_____

MARK LUTTRELL, Sheriff

By _____, Deputy Sheriff

NO. _____

D. _____

IN THE CHANCERY COURT
OF TENNESSEE
FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTION

MARY LOUISE TAYLOR
Plaintiff

VS.

STANDARD INSURANCE COMPANY
Defendant(s)

Came to hand _____

Attorney for the Plaintiff(s):
KEVIN A. SNIDER #01823T
SNIDER & HORNER, PLLC
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777 – telephone
(901)759-0041 – facsimile

# EXHIBIT B
# TO REMOVAL PETITION

**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

MARY LOUISE TAYLOR,
    **Plaintiff,**

**VS.**

**No.:** CH - O8-1463
**Part:**    1

**STANDARD INSURANCE COMPANY,**
    **Defendant.**

---

### COMPLAINT FOR DAMAGES

---

COMES NOW Plaintiff, Mary Louise Taylor, by and through her legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and in support of her cause of action would respectfully state the following to this Honorable Court:

### JURISDICTION & VENUE

1. Plaintiff, Mary Louise Taylor (hereinafter referred to as "Plaintiff"), is an adult citizen of the State of Tennessee residing in Shelby County.

2. Defendant, Standard Insurance Company (hereinafter referred to as "Defendant Insurer"), was and is a for profit organization doing business in Shelby County, Tennessee even though it is no longer registered with the Secretary of State pursuant to Tennessee law, and may be served with process at 900 S.W. Fifth Avenue, Portland, Oregon 97204.

3. All acts complained of occurred and venue in the instant case is properly found in Shelby County, Tennessee pursuant to T.C.A. § 20-4-101 and related sections.

## FACTUAL ALLEGATIONS

4. Al Rufus Taylor (hereinafter referred to as "Decedent") and his ex-spouse, Betty Louise Taylor (hereinafter referred to as "the ex-wife") were officially divorced on or about July 15, 1974.

5. A Final Decree of Divorce, issued by Judge Howard J. Vorder Pruegge in the Circuit Court of Shelby County, Tennessee, provided that the ex-wife and the children from Decedent's first marriage be retained as beneficiaries under the life insurance and hospitalization insurance possessed by Decedent through Defendant Insurer. The Final Decree of Divorce, dated July 15, 1974, is attached hereto as Exhibit "A".

6. Decedent subsequently married Plaintiff on or about August 19, 1974. The Tennessee Marriage License documenting the marriage between Plaintiff and Decedent is attached hereto as Exhibit "B".

7. Decedent next completed and submitted a Group Insurance Request for Change of Beneficiary on or about May 31, 1990 to name Plaintiff as the proposed primary beneficiary of Decedent's life insurance policy with Defendant Insurer. Decedent's Request for Change of Beneficiary is attached hereto as Exhibit "C".

8. Then, on or about October 31, 2007, Decedent retired from the Shelby County Sheriff's Department and maintained his decision that Plaintiff be the primary beneficiary on his life insurance policy through Defendant Insurer as specified in the contents of Retiree Enrollment and Change Form. Decedent's Retiree Enrollment and Change Form is attached hereto as Exhibit "D". A May 12, 2008 correspondence from Defendant Insurer to Plaintiff which likewise confirms Decedent's designation of Plaintiff as the primary beneficiary on the life insurance policy through Defendant Insurer is attached hereto as Exhibit "E".

9. Decedent passed away on or about December 2, 2007. Decedent's Certificate of Death, issued by the Tennessee Department of Health, is attached hereto as Exhibit "F".

10. Since then, Plaintiff filed a claim for benefits on Decedent's life insurance policy through Defendant Insurer.

11. Decedent's ex-wife, however, is asserting a claim for the life insurance proceeds on Decedent's life insurance policy based on the wording of the above Final Decree of Divorce. Decedent, nevertheless, has a different life insurance policy, which names Plaintiff as the primary beneficiary, than the one that he formerly had in place for his ex-wife as the primary beneficiary.

12. Meanwhile, Plaintiff completed a funeral assignment for Decedent's funeral expenses. Plaintiff's paperwork evidencing her application for said funeral assignment is collectively attached hereto as Exhibit "G".

13. In the above-referenced correspondence dated May 12, 2008 and addressed to Plaintiff, Defendant Insurer basically stated that they "cannot honor the funeral assignment until this matter has been resolved" by a court of law.

14. Hence, Plaintiff was forced to submit a cashier's check in the amount of Six Thousand, Nine Hundred Eleven Dollars and Fifty-Two Cents ($6,911.52) to cover Decedent's funeral expenses. Plaintiff's cashier's check and the funeral home's receipt of said cashier's check are collectively attached hereto as Exhibit "H".

15. The Plaintiff would aver that the foregoing actions and/or omissions of Defendant Insurer as alleged were willful, wanton, and malicious, done with reckless disregard for Plaintiff's rights and the rights of others in similar situations, were outrageous because of evil motive or reckless indifference to Plaintiff's rights and the rights of others, and were done without just cause or excuse, entitling Plaintiff to exemplary damages.

## FIRST CLAIM – BREACH OF CONTRACT

16. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

17. This claim is for breach of contract against Defendant Insurer.

18. Plaintiff avers and possesses evidence that Decedent named Plaintiff as the primary beneficiary on his life insurance policy through Defendant Insurer on or about May 31, 1990.

19. Both Decedent and Plaintiff have duly performed their part of the conditions of Decedent's life insurance policy through Defendant Insurer by timely paying all the premiums and by timely filing the death claim with Defendant Insurer.

20. Defendant Insurer breached their obligations under the life insurance policy by denying, refusing, and/or failing to do the following:

A. Pay Plaintiff's claim for the insurance proceeds, which are payable upon request after Decedent's death; and/or

B. Honor Plaintiff's funeral assignment to cover Decedent's funeral expenses.

21. As a sole, direct, and proximate cause of Defendant Insurer's actions and/or omissions, Plaintiff has and continues to incur substantial damages.

## SECOND CLAIM – FRAUD AND/OR MISREPRESENTATION

22. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

23. Defendant Insurer, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that that they would pay insurance proceeds to Plaintiff from Decedent's life insurance policy upon request after Decedent's death when, in fact, Defendant Insurer persists in denying, failing, and/or refusing to pay the life insurance proceeds to Plaintiff even seven (7) months after Decedent's death.

24. Defendant Insurer, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that they would honor Plaintiff's funeral assignment to cover the costs of Decedent's funeral when, in fact, Defendant Insurer has denied, refused, and/or failed to honor said funeral assignment, forcing Plaintiff to pay for the funeral herself.

25. Defendant Insurer, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that their goods and/or services are of a particular standard, quality, or grade.

26. Defendant Insurer, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that this consumer transaction conferred or involved rights and remedies which it did not have or involve.

27. Defendant Insurer's actions were intentional, willful, malicious, and/or reckless and entitle Plaintiff to punitive damages. Defendant Insurer knew of the foregoing falsehoods and made them recklessly with the intent to deceive Decedent and Plaintiff and to induce them into investing thousands of dollars worth of insurance premiums with Defendant Insurer in order to maintain Decedent's life insurance policy.

28. Alternatively, Defendant Insurer's actions and/or omissions were negligent in that Defendant Insurer failed to exercise due care and should have reasonably foreseen that their herein stated actions and/or omissions would harm or damage Decedent and Plaintiff financially.

29.  As a sole, direct, and proximate result of Defendant Insurer's actions and/or omissions, Plaintiff has and continues to incur substantial damages.

## THIRD CLAIM – VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

30.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

31.  This claim is for violations of the Tennessee Consumer Protection Act of 1977 as stated in T.C.A. § 47-18-101, et seq. (hereinafter referred to as the "Consumer Act") by Defendant Insurer and/or their agents, employees, and/or other individuals acting on their behalf.

32.  As a result of the above, inter alia, Defendant Insurer committed one or more unfair and/or deceptive acts/practices in violation of the Consumer Act in one or more of the following ways:

A.  By misrepresenting to Decedent and Plaintiff that Defendant Insurer would pay insurance proceeds to Plaintiff from Decedent's life insurance policy upon request after Decedent's death; and/or

B.  By denying, failing, and/or refusing to pay said life insurance proceeds to Plaintiff upon request after Decedent's death in breach of their obligations to Plaintiff; and/or

C.  By misrepresenting to Decedent and Plaintiff that Defendant Insurer would honor Plaintiff's funeral assignment to cover Decedent's funeral expenses; and/or

D. By denying, failing, and/or refusing to honor the above funeral assignment in breach of their obligations to Plaintiff; and/or

E. By misrepresenting to Decedent and Plaintiff that Defendant Insurer's goods and/or services are of a particular standard, quality, or grade; and/or

F. By misrepresenting to Decedent and Plaintiff that this consumer transaction conferred or involved rights and remedies which it did not have or involve; and/or

G. By other acts and/or omissions previously described above which are deceptive to the consumer or to any other person.

33. As a result of Defendant Insurer's intentional, willful, and/or knowing violations of the Tennessee Consumer Protection Act, Plaintiff has and continues to incur substantial damages, and Defendant Insurer is liable to Plaintiff in the sum of three (3) times her actual damages, reasonable attorney fees, and costs of litigation.

## FOURTH CLAIM – BAD FAITH REFUSAL TO PAY CLAIM

34. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

35. Decedent and Plaintiff duly performed the conditions of Decedent's life insurance policy through Defendant Insurer by timely paying all the premiums and by timely filing the death claim with Defendant Insurer.

36. Defendant Insurer acted in bad faith in denying, failing, and/or refusing to pay Plaintiff's claim for the proceeds of the life insurance policy after Decedent's death in violation of T.C.A. § 56-7-105 and related sections.

37.  As a sole, direct, and proximate result of Defendant Insurer's bad faith denial of Plaintiff's death claim for the proceeds of the life insurance policy, Plaintiff has and continues to incur substantial damages.

**WHEREFORE, PREMISES CONSIDERED, your Plaintiff prays:**

1.  That proper process be issued and served upon Defendant Insurer, requiring them to answer this Complaint within the time allotted by the Tennessee Rules of Civil Procedure.

2.  That Plaintiff be awarded a judgment against Defendant Insurer in an amount of not less than $250,000.00, or an amount to be more specifically proven either before or at trial.

3.  That Plaintiff be awarded punitive damages against Defendant Insurer in an amount of not less than $750,000.00 or an amount to be more specifically proven either before or at trial.

4.  That Plaintiff be awarded treble damages pursuant to the Tennessee Consumer Protection Act and/or other penalties as provided in the bad faith denial of an insurance claim statute as stated above.

5.  That Plaintiff be awarded reasonable attorney fees against Defendant Insurer pursuant to the Tennessee Consumer Protection Act and/or bad faith denial statute.

6.  That Plaintiff be awarded prejudgment interest at the maximum rate permitted by law.

7.  That Plaintiff be awarded discretionary costs as this Court deems appropriate.

8.  That Plaintiff be awarded the court costs and other expenses of this action.

9. That Plaintiff be awarded such other and further relief to which she may be entitled by law.

Respectfully submitted,

SNIDER & HORNER, PLLC

KEVIN A. SNIDER (B.P.R. #18231)
Attorney for Plaintiff
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777

Decedent

Al Rufus Taylor's   Final Decree of Divorce

Exhibit
A

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

| | |
|---|---|
| BETTY LOUISE TAYLOR, | ) |
| Plaintiff, | ) |
| VS. | ) |
| AL RUFUS TAYLOR, | ) |
| Defendant. | ) |

NO. 39633-III

## FINAL DECREE OF DIVORCE

This cause came on to be heard upon the complaint for divorce, personal service on the defendant, judgment by default, answer of the Divorce Referee, military affidavit filed and the testimony of plaintiff and her two witnesses, Carolyn Marmon and Elizabeth Davis; from all of which it appears that the defendant is guilty of such cruel and inhuman treatment as renders cohabitation unsafe and improper.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That plaintiff is granted an absolute divorce and restored to all the rights and privileges of an unmarried woman.

2. That plaintiff be awarded alimony and child support in the amount of Two hundred forty dollars ($240.00) per month.

3. That plaintiff be awarded custody of the minor children with defendant having reasonable visitation rights.

4. That she and the children be retained as beneficiaries under the life insurance, hospitalization insurance presently possessed by defendant.

5. Costs are adjudged against the defendant for which execution may issue.

s/ Howard J. Vorder Bruegge
J U D G E

This 15th day of July, 1974.

A TRUE COPY ATTEST

BEN C. WESSELS, JR., Clerk

H. Morris ____ D.C.

Exhibit
B

TN Marriage License
between Decedent and Plaintiff



# Marriage License

## STATE OF TENNESSEE

### COUNTY OF SHELBY

This License to be used in Tennessee only

To Anyone Legally Authorized to Celebrate the Rites of Matrimony
You are Hereby Licensed to Celebrate the

*Rites of Matrimony*

Between _____ Al R. Taylor _____ 40 and
AGE
_____ Mary Louise McGhee _____ 25
AGE
and for so doing this shall be your warrant.

Given under my hand and official seal, this _____ 19th _____ day

of _____ Aug. _____ in the year of our Lord One Thousand

Nine Hundred and _____ Twenty - Four _____

**ROBERT M. GRAY**
COUNTY COURT CLERK

By _____ Marion Garrett _____ D. C.

State of Tennessee }
County of Shelby } By Virtue of A License

From the Clerk of the County Court of the said County of Shelby, I have this day celebrated

the Rites of Matrimony between

_____ Al R. Taylor _____ and

_____ Mary Louise McGhee _____

Given under my hand this the _____ day of _____ A. D. 19 _____

Book No. _____ 5

Page No. _____ 275

SIGNATURE OF OFFICIANT



Decedent's Request for change of beneficiary

## GROUP INSURANCE — REQUEST FOR CHANGE OF BENEFICIARY
### THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

Is hereby requested to change the beneficiary under Group Insurance Individual Certificate

No. (a) _410 - 48 - 4915_ _____ to
(Insert the Numbers of Certificates to be included in change)

(Name of Proposed Beneficiary) _MARY Louise Taylor_
(If married woman, her full given name should be inserted)

_Spouse_
_7-2-49 - D.O.B_

(Relationship to Insured) _____ (Beneficiary's address if other than that of Insured)

Subject to the right of the Insured to change the beneficiary in accordance with the policy provisions. If more than one beneficiary is named, the death benefit, unless otherwise provided herein, will be paid in equal shares to the designated beneficiaries who survive the Insured; if no such beneficiary survives, payment will be made in accordance with the terms of the contract.

Date _5-31_ 19_90_  _____
(Name of Group)

Signed in presence of _Jennifer R. Buchman_  Write your name here _____
(Witness may not be the beneficiary and must not be a Notary Public)  (Written signature of Insured)

Address of Witness _201 Poplar_  _Mpho_
(Street)  (City)

BGS 12/89



Decedent's Retiree Enrollment and Change Form

Retiree Enrollment and Change Form

Standard Insurance Company

☐ Initial Enrollment    ☐ Enrollment Change

Mark all boxes and complete all sections that apply. Return completed form to your Retirement office.

| | | Group Name | Group Number(s) |
|---|---|---|---|
| Your Name (Last, First, Middle) Taylor, Al R. | | **Shelby County Government** | 642998 |

**RETIREE**

☐ Name Change    Former Name _____

Your Address 3183 Ruby Cove

| City Memphis | State TN | ZIP 38111 |
|---|---|---|

Your Soc. Sec. No. 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   Date of Birth 2-4-34   ☒ Male   ☐ Female

Date of Hire 5-1-1967    Department Sheriffs Dept.

**BASIC LIFE**

**Basic Life Insurance (Plan 1)**
☒ Life

☒ New Beneficiary Designation   ☐ Beneficiary Designation Change  *This designation applies to your Basic Life Insurance policy number 642998, which is available through your Employer. Designations are not valid unless signed, dated, and submitted to the Employer during your lifetime. See page 2 for further information.*

**BENEFICIARY**

| Primary - Full Name | Address | Soc. Sec. No. | Relationship | % of Benefit |
|---|---|---|---|---|
| Mary L. Taylor | 3183 Ruby Cv. Memphis TN | 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 | Spouse | 100% |
| | | | | |
| | | | | |
| | | | | |

| Contingent - Full Name | Address | Soc. Sec. No. | Relationship | % of Benefit |
|---|---|---|---|---|
| Adrena Taylor Jackson | 3762 Maulden Dr. Memphis, TN | 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 | Daughter | 50% |
| Al E. Taylor | 5527 Millers Glen Cv. Memphis TN | 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 | Son | 50% |
| | | | | |
| | | | | |

**SIGNATURE**

I wish to make the choices indicated on this form. If electing coverage, I authorize deductions from my pension to cover my contribution, if required, toward the cost of insurance. I understand that my deduction amount will change if my coverage or costs change.

Retiree Signature Required  *Al R. Taylor*    Date (Mo/Day/Yr) October 31, 2007

*To be completed by the Retirement office.*

| Employee ID | Date Processed | Processed By |
|---|---|---|
| | | |

1 of 2

(8/03)

Exhibit
E

May 12, 2008 Correspondence from
Defendant Insurer to Plaintiff



May 12, 2008

MARY L TAYLOR
3183 RUBY COVE
MEMPHIS TN 38111

Re:    Al Taylor, deceased
       Claim No.:      B87277
       Policy No.:     642998
       Policyholder:   Shelby County

Dear Mrs. Taylor:

As you are aware, we are reviewing the claim for basic life insurance on the death of your husband, Al Taylor.

Mr. Taylor completed a beneficiary designation naming you as the primary beneficiary for his Life Insurance payable under this policy. We also received a copy of a divorce decree dated July 15, 1974 between Bettie A Taylor and Mr. Taylor indicating that "she and the children be retained as beneficiaries under the life insurance, hospitalization insurance presently possessed by Mr. Taylor." We understand that you completed a funeral assignment for Mr. Taylor's funeral expenses; however, we cannot honor the funeral assignment until this matter has been resolved.

Bettie A Taylor has made a claim to these benefits based on the wording contained within the divorce decree. Our review of this claim indicates that she may have a colorable legal basis to these funds based on the divorce decree wording because, as a court order, a divorce decree may supersede the beneficiary designation completed by Mr. Taylor. As an impartial stakeholder, The Standard is not required to determine who among competing claimants, who has a valid claim to these funds. Rather, we can leave that up to a court of law to decide.

We have received a letter from Glenwood P Roane, Sr., attorney for Bettie A Taylor, indicating that he is representing Ms. Taylor in this matter. In his letter, Mr. Roane request that we defer any Interpleader action at this time as you hope that some amicable agreement can be reached. As previously indicated, we will wait to receive a response from you and Mr. Roane regarding a possible agreement for this claim. You may wish to seek legal counsel in this matter.

Mary L Taylor
Re: Al Taylor, deceased
Claim No.: B87277
May 12, 2008
Page 2

We look forward to hearing from you in the near future. Should you have any questions regarding this letter, or if I can be of further assistance please do not hesitate to contact me at the number listed below.

Sincerely,

Tanetta Martin
Senior Life Benefits Analyst
Employee Benefits
(800) 628-8600 ext. 6082

cc:     SHELBY COUNTY

Exhibit
F

Decedent's Certificate of Death

Comes 2-OFF-site-Registry.com :: Certification.com :: www.GOOD2.com :: image 27 of 36 :: page 27

# STATE OF TENNESSEE
## Office of Vital Records

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

STATE FILE NUMBER

**DECEDENT**

| 1. DECEDENT'S NAME (First, Middle, Last) | 2. SEX | 3. DATE OF DEATH (Month, Day, Year) |
|---|---|---|
| Al Rufus Taylor | Male | December 2, 2007 |

| 4. SOCIAL SECURITY NUMBER | 5a. AGE-Last Birthday (Years) | 5b. UNDER 1 YEAR MOS. DAYS | 5c. UNDER 1 DAY HOURS MIN. | 6. DATE OF BIRTH (Month, Day, Year) | 7. BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|---|
| 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 | 73 | | | Feb 4, 1934 | Macon, TN |

8. WAS DECEDENT EVER IN U.S. ARMED FORCES? 1 [X] Yes 2 [ ] No

9a. PLACE OF DEATH (Check only one)
HOSPITAL: 1 [X] Inpatient 2 [ ] ER/Outpatient 3 [ ] DOA
OTHER: 4 [ ] Nursing Home 5 [ ] Residence 6 [ ] Other (Specify)

| 9b. FACILITY NAME (If not institution, give street and number) | 9c. CITY, TOWN, OR LOCATION OF DEATH | 9d. COUNTY OF DEATH |
|---|---|---|
| Saint Francis Hospital | Memphis | Shelby |

| 10. MARITAL STATUS—Married, Never Married, Widowed, Divorced (Specify) | 11. SURVIVING SPOUSE (If wife, give maiden name) | 12a. DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life. Do not use retired.) | 12b. KIND OF BUSINESS/INDUSTRY |
|---|---|---|---|
| Married | Mary L. McGhee | Deputy Sheriff | Shelby County Sheriff D |

| 13a. RESIDENCE-STATE | 13b. COUNTY | 13c. CITY, TOWN OR LOCATION | 13d. STREET AND NUMBER OR RURAL ROUTE |
|---|---|---|---|
| TN | Shelby | Memphis | 3183 Ruby Cove |

13e. INSIDE CITY LIMITS? 1 [X] Yes 2 [ ] No

13f. ZIP CODE: 38111

14. WAS DECEDENT OF HISPANIC ORIGIN? (Specify Yes or No-If yes, specify Cuban, Mexican, Puerto Rican, etc.) [ ] Yes [X] No
Specify, if yes:

15. RACE—American Indian, Black, White, etc. (Specify): Black

16. DECEDENT'S EDUCATION: Elementary/Secondary (0-12) College (1-4 or 5): 4

**PARENTS**

| 17. FATHER'S NAME (First, Middle, Last) | 18. MOTHER'S NAME (First, Middle, Maiden Surname) |
|---|---|
| Henry Taylor | Lucile Henderson |

**INFORMANT**

| 19a. INFORMANT'S NAME (Type/Print) | 19b. RELATIONSHIP TO DECEASED | 19c. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
|---|---|---|
| Mary L. Taylor | Wife | 3183 Ruby Cove Memphis, TN 38111 |

**DISPOSITION**

20a. METHOD OF DISPOSITION: 1 [X] Burial 2 [ ] Cremation 3 [ ] Removal from State 4 [ ] Donation 5 [ ] Other (Specify)

| 20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 20c. LOCATION—City or Town, State |
|---|---|
| West TN State Veterans Cemetery | Memphis, TN |

| 21a. SIGNATURE OF FUNERAL DIRECTOR | 21b. LICENSE NUMBER OF FUNERAL DIRECTOR | 21c. SIGNATURE OF EMBALMER | 21d. LICENSE NUMBER OF EMBALMER |
|---|---|---|---|
| Joseph H. Day | 2517 | | 4136 |

| 22a. NAME AND ADDRESS OF FUNERAL HOME | 22b. LICENSE NUMBER OF FUNERAL HOME |
|---|---|
| J. O. Patterson Mortuary, Inc. 2944 Walnut Grove Rd., Memphis, TN 38111 | 151 |

**REGISTRAR**

| 23. REGISTRAR'S SIGNATURE | 24. DATE FILED (Month, Day, Year) |
|---|---|
| Cam M. Williams DR | December 18, 2007 |

**CERTIFIER**

25a. PHYSICIAN —To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner as stated.
1 [ ] SIGNATURE AND TITLE OF PHYSICIAN
25b. LICENSE NUMBER
25c. DATE SIGNED (Month, Day, Year)

26a. MEDICAL EXAMINER — On the basis of examination and/or investigation, in my opinion, death occurred at the time, and place, and due to the cause(s) and manner as stated.
2 [ ] SIGNATURE AND TITLE OF MEDICAL EXAMINER: Khattak
26b. LICENSE NUMBER: 23699
26c. DATE SIGNED (Month, Day, Year): 12/12/07

27. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN OR MEDICAL EXAMINER) (Type/Print)
Dr. Taslim A. Khattak, M.D.
6005 Park Avenue, Ste# 433B Memphis, TN 38119

**CAUSE OF DEATH**

28. PART I. Enter the disease, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line.

IMMEDIATE CAUSE (Final disease or condition resulting in death) →
a. Cardio pulmonary arrest
DUE TO (OR AS A CONSEQUENCE OF):
b. Brain Stem CVA
DUE TO (OR AS A CONSEQUENCE OF):
c. IAPN
DUE TO (OR AS A CONSEQUENCE OF):
d. Anginal arrest

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

Approximate Interval Between Onset and Death

| 29a. WAS AN AUTOPSY PERFORMED? | 29b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? |
|---|---|
| 1 [ ] Yes 2 [X] No | 1 [ ] Yes 2 [X] No |

30. MANNER OF DEATH
1 [ ] Natural 5 [ ] Pending Investigation
2 [ ] Accident 6 [ ] Could not be Determined
3 [ ] Suicide
4 [ ] Homicide

| 31a. DATE OF INJURY (Month, Day, Year) | 31b. TIME OF INJURY | 31c. INJURY AT WORK? 1 [ ] Yes 2 [ ] No | 31d. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|

31e. PLACE OF INJURY—At home, farm, street, factory, office building, etc. (Specify)
31f. LOCATION (Street and Number or Rural Route Number, City or Town, State)

PH-1659 (REV. 6/05)

2626458

I hereby certify the above to be a true and correct copy of the original document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Department of Health. Alteration or erasure voids this certification.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977.

RDA 1399

Sharon M. Leinbach
STATE REGISTRAR

Cassandra L. Brown
Local Registrar
Shelby County

DEC 18 2007
Date Issued

**CERTIFICATION OF VITAL RECORD**

Exhibit
G

Plaintiff's Funeral Assignment
(Application)

Form #1

# Funeral Funding of America L.L.C.

4343 E. Camelback Road Suite 400
Phoenix, AZ 85018
(800) 304-6208 • Fax (602) 522-0559

# IMMEDIATE APPROVAL CLAIM FORM

Fax to Funeral Funding of America L.L.C. at (602) 522-0559

From _J.O. Patterson Mortuary_   _Charles H.M. Patterson_
     (Funeral Home)                (Contact Person)

_901. 324-4022_               _901 324-0422_
   (Phone Number)              (Fax Number)

Deceased _Al R. Taylor_   SS# _410_ – _48_ – _4915_

Date of Birth _Feb. 4, 1934_   Date of Death _Dec. 2, 2007_

Cause of Death   ( ) Natural   ( ) Homicide   ( ) Accident   ( ) Other

Policy Available? _____   Is Policy Lost? _____

Policy# _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_ Issue Date _____   Contact _Ms. Arrie_

Insurance Co. _Standard Ins Co._   Phone # _901 545-3510_

Claims Address _(Shelby County Retirement System)_

Face Amt. _____ Loan Amt. _____ Prem. Due _____ = Total _____

ADB Amt. _____ Loan Amt. _____ Prem. Due _____ = Total _____

**Beneficiary Information**

Beneficiary (presently) _Mary L. Taylor_   Phone # _901-458-2936_

Address _3183 Ruby Cove_   City, State, Zip _Memphis, TN 38111_

Date of Birth _7-2-1949_   SS# _414_ – _84_ – _9378_

Verified _Simmons_ Signature   Date _12/4/2007_

Notified Home Office ☐   Date

Upon Receipt of the above information, we will begin our approval process. As soon as approved, you will be notified. NO CHECK
WILL BE ISSUED UNTIL FULL DOCUMENTATION IS RECEIVED. ONLY ONE POLICY PER CLAIM FORM.

P L E A S E   M A K E   C O P I E S

**Beneficiary Assignment Form**

Form #2

# IRREVOCABLE ASSIGNMENT TO FUNERAL HOME

Beneficiary _MARY Taylor_ Insured _AL Rufus Taylor_

Insurance Company: _Standard Ins CO_ and its successors or assigns

Life Insurance Policy Number (s): _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_ _Charles H.M. Patterson_ to

Funeral Home _J.O. Patterson Morkan_ Funeral Director/Owner: _Joseph H Ivy_

Funeral Home Address: _2944 Walnut Grove RD_

Phone: _901 324-4022_ Assigned Amount: $ _6911.58_

This Irrevocable Assignment is made between Beneficiary above and the Funeral Home and Funeral Director above. In consideration for the Funeral Home providing services in the burial of the above Insured, said services requested and accepted by Beneficiary and/or additional funds have been advanced to Beneficiary, the undersigned irrevocably assigns to Funeral Home or its assigns, the above Assignment Amount, plus statutory interest from deceased date of death until claim paid, including unearned premiums. Beneficiary hereby guarantees the validity and sufficiently of the foregoing Irrevocable assignment to the Funeral Home or its assigns, and Beneficiary further guarantees to warrant title of the policy(s) and defend Funeral Home or its assigns against any claims on the policy(s). Beneficiary hereby irrevocably authorizes said Insurance Company to make payment of the sum specified above, plus statutory interest and unearned premiums to the Funeral Home or its assigns. In addition, Beneficiary hereby irrevocably authorizes said Insurance Company to give Funeral Home or its assigns any information that it may require regarding said policy(s). Beneficiary herby irrevocably appoints Funeral Home or its assigns as their Attorney-at-fact and to act on their behalf with regard to the collection of, settlement of, and receipt of the proceeds of said policy(s) or certificate(s), including, but not limited to, giving Funeral Home or its assigns the right to endorse checks and claimant statement forms. Beneficiary further acknowledges that this assignment may be reassigned to Funeral Funding of America LLC. As such, if for any reason it becomes necessary for Funeral Funding of America LLC to proceed against the beneficiary or the Funeral Home, it is hereby agreed that each are jointly and severally liable for all costs of collection, including, but not limited to, reasonable attorney's fees, and court costs. In the event the proceeds are not tendered to the Funeral Home or its assigns, within 90 days, the Beneficiary and the Funeral Home are jointly and severally liable, and each agree that exclusive jurisdiction for legal processing hereunder is Phoenix, Arizona. In the event the policy(s) is not enclosed, I certify that the policy (s) has been lost or destroyed.

## BENEFICIARY INFORMATION

| Beneficiary Signature | Relationship to Deceased | Date |
|---|---|---|
| _Mary L. Taylor_ | _Spouse_ | _12-4-2007_ |
| Social Security # | Date of Birth (must be over 18) | Home Phone | Work Phone |
| _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_ | _7-2-1949_ | _901-458-2936_ | _901 373 1429_ |
| Address | | City | State | Zip |
| _3183 Ruby Cove,_ | | _Memphis_ | _TN_ | _38111_ |

The foregoing Assignment was executed by _Mary L. Taylor_, who is personally

Beneficiary's Name

known to me or who has produced identification.

Notary Public Signature _12/4/07_ Date

N.Y. SPRAGGINS
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY
COMM. EXP. 7-13-2010

_Each beneficiary must complete a separate assignment form and claim_

# IRREVOCABLE RE-ASSIGNMENT & GUARANTY OF PAYMENT

to

# Funeral Funding of America L.L.C.

4343 E. Camelback Rd. Ste. 400 · Phoenix, AZ 85018
(800) 304-6208 · Fax (602) 522-0559

DECEDENT _Al Rufus Taylor_ DATE OF DEATH _12-2-2007_ SSN _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_

INSURANCE COMPANY _Standard Ins Co_ CLAIM # _____

INSURANCE POLICY NUMBER(S) _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_

Amount Assigned $ _6,911.58_ plus applicable interest since decedent's death, according to state law, for value received, the undersigned hereby assign, transfer, convey and set over unto Funeral Funding of America LLC, its successors and assigns all of our right, title and interest in and to the within Irrevocable Assignment and the proceeds therein referred to and does hereby direct that payment be made to Funeral Funding of America LLC, 4343 E. Camelback Rd. Ste. 400 Phoenix, AZ 85018, hereby ratifying, confirming and approving anything that the said Funeral Funding of America LLC may do in the premises.

The undersigned also irrevocably appoints Funeral Funding of America LLC and its assigns as its Attorney-in-Fact to act for it with full power to make collection of, compromise, settle and receive the proceeds of said policies or certificates and the authority to endorse checks as full as it could do, with full power of substitution in the event that no payments are received by Funeral Funding of America LLC within 90 days of this Re-Assignment, then the undersigned Funeral Home does hereby, unconditionally and irrevocably, guarantees to fully and promptly reimburse Funeral Funding of America LLC, the amount of the reassigned benefits immediately upon demand and without resort by Funeral Funding of America LLC, to any person or party.

The undersigned understands and agrees that its obligations hereunder shall remain absolute, primary and unconditional until the undersigned receives a written notice from Funeral Funding of America LLC, terminating this agreement. The undersigned hereby consents and agrees that at any time or times, without notice to or further approval of the undersigned, and without affecting the obligations of the undersigned hereunder, Funeral Funding of America LLC, may, with or without consideration of dishonor of any of the liabilities, and hereby waives any failure to promptly commence suit against the undersigned or any other obligor or any other liability hereon and give any notice or make any claim or demand against the undersigned. There shall be no duty or obligation upon Funeral Funding of America LLC, to proceed against the insurance company, to initiate any proceeding or exhaust any remedies against the insurance company or any or any of the undersigned, or give any notice to the undersigned before bringing suit or exercising any rights or instituting proceedings of any kind against the undersigned. If any legal action or actions are instituted by Funeral Funding of America LLC, all expenses incurred by Funeral Funding of America LLC, relative to such legal action or actions, including but not limited to court costs plus all attorneys fees incurred by Funeral Funding of America LLC. All of Funeral Funding of America LLC's rights and remedies are accumulative and those granted hereunder are in addition to any rights or remedies available to Funeral Funding of America LLC, under law.

If any Provisions of this agreement or the application hereof to any person or circumstances; shall, to any extent; be invalid or unenforceable, then the remainder of said agreement shall not be affected thereby, and those provisions to this agreement shall be valid and enforceable to the full extent permitted by law. No failure or forbearance by Funeral Funding of America LLC, to exercise any rights hereunder shall effect the obligations and shall not constitute a waiver of said rights. This irrevocable assignment contains the entire agreement between parties, and no provision hereof may be modified, waived or altered except by writing executed by the undersigned and Funeral Funding of America LLC.

In witness whereof, we have hereunto set our hands and seals

This _4th_ day of _Dec_, 20 _07_

State of _TN_

County of _Shelby_

Funeral Director Signature _Joseph H. Guy_

Funeral Home _J.D. Patterson Mortuary_

Address _2944 Walnut Grove_

City, State, Zip _Memphis, TN 38111_

Phone _901 324-4022_

I, the undersigned authority, a Notary Public in and for said County is said state, hereby certify that _____ whose name as such is signed to the foregoing Irrevocable Re-Assignment and Guaranty of Payment and who is know to me, acknowledged before me in this day that he (she), being informed of the contents of the Irrevocable Re-Assignment and Guaranty of Payment executed the same voluntarily on the day the same bears date.

Given under my hand this the _____ 20 _____

My Commission expires _____

BRAS...
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COU...
...COMM. E...

Notary Public Signature

PLEASE MAKE COPIES

# J.O. Patterson Mortuary, Inc.

2944 Walnut Grove Road
Memphis, Tennessee 38111
(901) 324-4022

## STATEMENT OF FUNERAL GOODS AND SERVICES SELECTED

Charges are only for those items that you selected or that are
required. If we are required by law or by a cemetery to
use any items, we will explain the reasons in writing below.

DECEASED _____

DATE OF DEATH _____   DATE OF STATEMENT _____   NO. _____

## A. CHARGE FOR SERVICES SELECTED

Basic Services of Funeral Director & Staff ............

Embalming ............

Other Preparation of Body ............

Use of Facilities & Staff for Viewing / Visitation ............

Use of Facilities & Staff for Funeral Ceremony ............

Use of Facilities & Staff for Memorial Service ............

Use of Equipment & Staff for Gravesite Service ............

Use of Equipment & Staff for Church Service ............

Transfer of Remains to Funeral Home ............

Hearse ............

Limousine ............

Sedan ............

Service / Utility Vehicle ............

TOTAL OF SERVICES SELECTED (A) ............ $

## B. CHARGE FOR MERCHANDISE SELECTED

Casket (or other receptacle) ............

Outer Burial Container ............

Acknowledgement Cards ............

Register Book ............

Memory Folders / Prayer Cards ............

Cremation Urn ............

Clothing ............

TOTAL OF MERCHANDISE SELECTED (B) ............ $

## C. SPECIAL CHARGES

Forwarding remains to ............

Receiving remains from ............

Immediate burial ............

Direct cremation ............

TOTAL OF SPECIAL CHARGES (C) ............ $

## D. CASH ADVANCES

Certified Copies of Death Certificate
@ $ _____ each ............

Clergy ............

Musician ............

Newspaper Notices ............

Cemetery ............

TOTAL OF CASH ADVANCES (D) ............ $

We charge you for our services in obtaining; (specify cash
advance items).

## SUMMARY

Total Funeral Home Charges (A+B+C) ............ $

Sales Tax, if applicable ............

Total Cash Advances (D) ............ $

COMPLETE TOTAL ............ $

PAYMENT RECEIVED FROM ............

BALANCE DUE ............ $

## DISCLOSURES

If you selected a funeral that may require embalming, such as a funeral
with viewing, you may have to pay for embalming. You do not have to
pay for embalming you did not approve if you selected arrangements
such as a direct cremation or immediate burial. If we charged for
embalming, we will explain why below.

Reason for embalming: _____

If any law, cemetery or crematory requirements have required the pur-
chase of any items listed, the law or requirement is explained below.

## ACKNOWLEDGEMENT AND AGREEMENT

I (we) authorize this funeral home to perform services, furnish goods, and
incur outside charges specified on this Statement. I (we) acknowledge that I
(we) received a General Price List, a Casket Price List and an Outer Burial
Container Price List.

TERMS: _____

Full payment is due no later than _____
If any payment is not paid when due, an unanticipated LATE CHARGE of _____ %
on the unpaid balance will be due. I (we) have read (or been read) the
above statement and approve same, and jointly and severally promise to make
full payment. Receipt of a copy of this Statement is acknowledged.

Signed _____

Social Security No. _____

Address _____

City/State _____   Zip _____

Co-Signed _____   Telephone _____

Co-Signed _____

ACCEPTANCE: This funeral establishment agrees to provide all services,
merchandise and cash advances indicated on this Statement.

By _____

ADDITIONAL ITEMS ORDERED LATER ............

Exhibit
H

Plaintiff's cashier's check and
funeral home's receipt of check

# FEDERAL BUILDING FEDERAL CREDIT UNION

## THREE CONVENIENT LOCATIONS

**MAIN OFFICE**
167 N. MAIN ST.
SUITE 102
MEMPHIS, TN  38103
(901) 526-6771
(877) 523-3110
OFFICE HOURS: 9:00 AM-3:00 PM

**EAGLECREST**
225 N. HUMPHREY'S BLVD.
SUITE 1029
MEMPHIS, TN 38120
(901) 747-3631
OFFICE HOURS: 8:30 AM-5:00 PM

**ATTCO**
200 JEFFERSON AVE.
SUITE 150
MEMPHIS, TN 38103
(901) 523-2111
OFFICE HOURS: 7:30 AM-4:00 PM

AVAILABLE SERVICES: SHARE ACCOUNTS-CERTIFICATES OF DEPOSIT-IRA'S-INVESTMENT ACCOUNTS-
CHRISTMAS CLUB-DIRECT DEPOSIT-PAYROLL DEDUCTIONS-WIRE SERVICE-CERTIFIED CHECKS-SHARE
DRAFTS-TRAVELERS CHECKS-PERSONAL LOANS-VEHICLE LOANS-FIRST MORTGAGES-HOME EQUITY.

 

THIS DOCUMENT HAS AN ENDORSEMENT BACKER, MICROPRINT IS SIGNATURE LINE AND BLEED THRU MICR

**EAGLECREST**
225 N. HUMPHREY'S BLVD.
SUITE 1029
MEMPHIS, TN 38120
(901) 747-3631

**Federal Building FCU**

No. 036276

036276

Mar 21          06

VOID AFTER 90 DAYS          6,911.52

PAY   Six Thousand Nine Hundred Eleven and 52/100*******************

TO THE ORDER OF   J. O. PATTERSON MORTUARY
RE: AL R. TAYLOR

FEDERAL BUILDING FEDERAL CREDIT UNION
MEMPHIS, TN

NOT NEGOTIABLE
AUTHORIZED SIGNATURE

**Federal Building FCU**

DETACH AND RETAIN FOR YOUR RECORDS

J. O. PATTERSON MORTUARY

No. 036276

RECEIVED BY:

| DATE | ACCOUNT NUMBER | DESCRIPTION | AMOUNT |
|------|----------------|-------------|--------|
|  |  | Check Number: 036276 |  |

**J. O. PATTERSON MORTUARY, INC.**
2944 Walnut Grove Road
Memphis, Tennessee 38111
Phone: 901 324-4022

RECEIVED FROM *Mrs Mary Taylor*   DATE *3-25-2008*

*Six Thousand Nine Hundred Eleven* ³²/₀₀ DOLLARS $ *6 911.52*

FOR *Funeral Service Mr Al Rufus Taylor*

Amount of Account ... $ *6911.52*
Amount Paid ............. $ *6911.52*   *THANK YOU!*
Balance Due ............. $ *0*
Cash ☐   Check ☒   M.O. ☐
Form 1793

*Cashier's Check # 030276*

By *Jerrine M Simmons*

State of Tennessee
Department of State
Division of Business Services
312 Eighth Avenue North
6ᵗʰ Floor, William R. Snodgrass Tower
Nashville, TN 37243

7008 0500 0001 7645 8382

STANDARD INSURANCE COMPANY
900 S.W. FIFTH AVE.
PORTLAND, OR 97204



RECEIVED
AUG 18 2008
GROUP LEGAL DEPARTMENT
STANDARD INSURANCE CO.

RECEIVED
AUG 18 2008
HOME OFFICE



UNITED STATES POSTAGE
$ 06.750
0004326321   AUG 15 2008
MAILED FROM ZIP CODE 37243