```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

MARY LOUISE TAYLOR,              )
                                 )
        Plaintiff,               )
                                 )
vs.                              )           No. 08-2585 V
                                 )
STANDARD INSURANCE COMPANY,      )
                                 )
        Defendant.               )
_____

           ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
_____

Before the court is the October 8, 2008 motion of the defendant, Standard Insurance Company ("Standard"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint filed against it by the plaintiff, Mary Louise Taylor, for failure to state a claim upon which relief can be granted. In her complaint, Mary Taylor seeks to recover life insurance benefits under a group insurance policy issued by Standard to Shelby County Government, and insuring the decedent, Al Rufus Taylor. In her complaint, Mary Taylor sets forth claims for breach of contract (First Claim); fraud and/or misrepresentation (Second Claim); violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 (Third Claim); and statutory bad faith refusal to pay an insurance claim under Tenn. Code Ann. § 56-7-105 (Fourth Claim).

Mary Taylor filed a response in opposition. The parties have

consented to trial before the United States Magistrate Judge. For the reasons the follow, Standard's motion to dismiss is granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Al Taylor died on December 2, 2007. (Compl. ¶9; Ex. D.) At the time of his death, Al Taylor was married to the plaintiff, Mary Taylor, who was his second wife. Al Taylor, as a former employee of Shelby County, was insured under a group life insurance policy since 1967. On May 31, 1990, Al Taylor designated Mary Taylor as the beneficiary of his life insurance policy by signing and submitting a "Group Insurance - Request for Change of Beneficiary" form to The Equitable Life Assurance Society of the United States. (Compl. Ex. C.) When Al Taylor retired from the Shelby County Sheriff's Department on October 31, 2007, he completed a "Retiree Enrollment and Change Form" designating Mary L. Taylor as the beneficiary under his Basic Life Insurance policy, Group Number 642998, available through the Shelby County Government. (Compl. Ex. D.)

Al Taylor was previously married to Betty Louise Taylor. Their marriage was terminated by divorce on July 15, 1974. (Compl. Ex. A.) Their divorce decree, entered by the Circuit Court of Shelby County, Tennessee, in 1974, required Al Taylor to retain Betty Taylor and her children "as beneficiaries of the life insurance, hospitalization insurance presently possessed by [Al Taylor]." (*Id.*)

2

Following Al Taylor's death, Standard received competing claims to his life insurance benefits from Mary Taylor and Betty Taylor and her children. (Compl. ¶¶ 10, 11.) Mary Taylor also submitted to Standard an irrevocable assignment of the life insurance proceeds to J.O. Patterson Mortuary in the amount of $6,91.58 for Al Taylor's funeral expenses. (Compl. ¶ 12; Ex. G.) Standard declined to honor the assignment until the competing claims to the proceeds were resolved by a court of law. (Compl. ¶ 13; Ex. D.) As a consequence, Mary Taylor paid the funeral expenses herself. (Compl. ¶ 14; Ex. H.) Faced with the competing claims, Standard decided to file an interpleader action but delayed doing so while Mary Taylor and Betty Taylor, through their attorneys, attempted to settle the competing claims. (Compl. Ex. D.)

On August 8, 2008, Mary Taylor filed the instant lawsuit in the Chancery Court of Shelby County, Tennessee. Standard removed the case to federal court pursuant to 42 U.S.C. § 1441 on the basis of diversity of citizenship and an amount in controversy over $75,0000. Standard then filed a counterclaim and third-party complaint for interpleader. (Doc. No. 10.) Standard seeks permission to deposit the proceeds of the life insurance policy with the court so that the court can adjudicate the rights of the parties to the proceeds. The scheduling order entered October 1, 2008 set a deadline for initial motions to dismiss of October 31,

2008, and Standard filed the present motion to dismiss on October 8, 2008.

## II.  ANALYSIS

A.  <u>Standard for Motion to Dismiss</u>

The United States Supreme Court has recently reiterated the standard for courts to adhere to when considering a motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal § 1216 pp 235-236 (3d. Ed. 2004) . . . ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")[footnote omitted], on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). When considering a motion to dismiss for failure to state a claim, the court must assume that all of the well-pleaded factual allegations in the complaint are true and must construe those facts in a light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In other words, "once a claim has been stated adequately, it may be supported by showing any set of

4

facts consistent with the allegations in the complaint.[1] *Twombly*, 127 S. Ct. at 1967 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).

B.  First Claim - Breach of Contract

Mary Taylor alleges that Standard's refusal to pay her the proceeds of the life insurance policy and to honor the funeral assignment to cover Al Taylor's funeral expenses constitutes a breach of contract. (Compl. ¶ 20.) She avers that she was the primary beneficiary on Al Taylor's life insurance policy issued by Standard, that Al Taylor timely paid all the premiums, and that she timely filed a claim for the proceeds. (Compl. ¶ 19.)

Under Tennessee law, the essential elements of a breach of contract claim are: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of the contract. *Life Care Centers of America, Inc. v. Charles Town Associates, Ltd.*, 79 F.3d 496, 514 (6th Cir. 1996); *C. & W. Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676-77 (Tn. Ct. App. 2007).

Mary Taylor has failed to allege the existence of an enforceable contract. Mary Taylor fails to identify the specific

---

[1] Attached to Mary Taylor's response to the motion to dismiss are eleven items of correspondence between her and Standard, none of which were attached to her complaint. In ruling on this motion to dismiss the complaint for failure to state a claim, the court will consider only the allegations in the complaint and declines to consider the additional proffered items.

insurance policy at issue, the amount of the proceeds under the policy, and the terms of the policy. She has further failed to attach a copy of the policy in question. As such, she has failed to allege the essentials for a breach of contract claim. Accordingly, Standard's motion to dismiss Mary Taylor's breach of contract claim is granted.

C. <u>Second Claim - Fraud and/or Misrepresentation</u>

In diversity case such as this one, federal courts apply federal procedural law, including the Federal Rules of Civil Procedure.[2] *Hanna v. Plummer*, 380 U.S. 460, 471-72 (1965). Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be pled with particularity: "Parties alleging fraud . . . must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9. Under Sixth Circuit law, a complaint for fraud "at a minimum, must allege the time, place and content of the alleged misrepresentation on which [the plaintiff] relie[s]." *U.S. ex rel. Marlar v. BWXT Y-12, LCC*, 525 F.3d 439, 444 (6th Cir. 2008).

In the second claim in her complaint, Mary Taylor sets forth four instances of conduct by Standard allegedly constituting fraud: (1) that Standard "engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that they would pay insurance proceeds from Decedent's life insurance policy upon

---

[2] The court will apply the substantive law of the state of Tennessee.

6

request after Decedent's death when, in fact, Defendant Insurer persists in denying, failing, and/or refusing to pay the life insurance proceeds to Plaintiff . . ." (Compl. ¶ 23); (2) that Standard "engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that they would honor Plaintiff's funeral assignment to cover the costs of Decedent's funeral when, in fact, Defendant Insurer has denied, refused, and/or failed to honor said funeral assignment, forcing Plaintiff to pay for the funeral herself" (Compl. ¶ 24); (3) that Standard "engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that their goods and/or services are of a particular standard, quality, or grade" (Compl. ¶ 25); and (4) that Standard "engaged in fraud and/or misrepresentation when they represented to Decedent and Plaintiff that this consumer transaction conferred or involved rights and remedies which it did not have or involve" (Compl. ¶ 26).

Under Tennessee law, a claim for fraud requires: (1) an intentional misrepresentation of a material fact; (2) that the statement was made with knowledge of its falsity or with reckless disregard of falsity; (3) that the plaintiff reasonably relied on the statement to his injury; and (4) the statement relates to an existing or past fact. *Power & Tel. Supply Co. v. SunTrust Banks*, Inc., 447 F.3d 923, 931 (6th Cir. 2006)(citing *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)). Under Tennessee law,

in pleading fraud, a plaintiff must plead the factual circumstances with sufficient particularity. *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 39 (Tenn. Ct. App. 2006).

The allegations in Mary Taylor's complaint are not sufficient to satisfy the heightened pleading requirements of Rule 9(b) and Tennessee law. Mary Taylor fails to allege any specific factual allegations regarding allegedly fraudulent statements. She fails to allege when each alleged misrepresentation occurred, the substance of each alleged misrepresentation, the method of communication of each alleged misrepresentation, and the specific content of each alleged misrepresentation. Indeed, the only specific communication from Standard included in the complaint is a May 12, 2008 letter from Standard to Mary Taylor that explains the nature of the competing claims of Betty Taylor and her children and Standard's intent to seek a resolution of the competing claims in court. At best, Mary Taylor's complaint contains only conclusory allegations not supported by any specific factual allegations. Furthermore, there is no allegation that Mary Taylor relied on any alleged misrepresentation to her detriment. In the May 12, 2008 letter, Standard specifically declines to honor the funeral expense assignment. Thus, she does not claim that she was induced to incur the funeral expenses based on a representation by Standard that they would honor the assignment.

Accordingly, because the complaint does not plead fraud with

the required particularity, Standard's motion to dismiss is granted as to Mary Taylor's Second Claim in her complaint.

D. <u>Third Claim - Violations of the Tennessee Consumer Protection Act</u>

For her third claim, Mary Taylor alleges that Standard violated the TCPA by misrepresenting that it would pay to her the proceeds of the life insurance policy and then failing to do so; by misrepresenting that it would honor her funeral assignment to cover the expenses of Al Taylor's funeral and then failing to do so; by misrpresenting that its "goods and/or services are of particular standard, quality, or grade;" "by misrepresenting that this consumer transaction conferred or involved rights and remedies which it did not have or involve;" and "by other acts and/or omissions . . . which are deceptive to the consumer." (Compl. ¶ 32.)

The TCPA prohibits any "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104 (2008). The purpose of the TCPA is "to protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts and practices." *Stooksbury v. American Nat'l Prop. and Cas. Co.*, 126 S.W.3d 505, 520 (Tenn. Ct. App. 2003). The Supreme Court of Tennessee has held that the TCPA applies to the acts and practices of insurance companies. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 925-26 (Tenn. 1998); *Newman v. Allstate Ins. Co.*, 42 S.W.3d 920, 924 (Tenn. Ct. App. 2000). The

Tennessee Supreme Court, however, held in *Myint* that the insurance company's handling of the claim was not unfair and deceptive in the absence of "an attempt by [the insurer] to violate the terms of the policy, deceive the [plaintiffs] about the terms of the policy, or otherwise act unfairly." *Myint*, 970 S.W.2d at 926. A denial of an insurance claim is not a violation of the TCPA in the absence of some sort of deceit or misleading conduct. *Sowards v. Grange Mut. Cas. Co.*, 07 CV 354, 2008 WL 3164523 at *13 (M.D. Tenn. Aug. 4, 2008).

The TCPA sets forth a list of specific activities that constitute unfair or deceptive acts or practices. Tenn. Code Ann. § 47-18-104(b). Mary Taylor does not rely on any of the specific activities listed but rather appears to merely rely on the catch-all provision, which prohibits "any other act or practice which is deceptive to the consumer or to any other person." Tenn. Code Ann. § 47-18-104(b)(27).

Mary Taylor has failed to allege any specific facts that support her conclusory allegations that Standard employed any unfair or deceptive business practices in evaluating her claim. She does not allege that Standard violated the terms of the policy, deceived her about the terms of the policy, or acted unfairly in its initial determination with respect to her claim. Rather, Mary Taylor alleges in her complaint that Standard advised her of competing, meritorious claims to Al Taylor's life insurance proceeds and that

a court of law would have to adjudicate the claims unless the claimants could agree on the disposition of the life insurance proceeds. Such allegation is inconsistent with an unfair and deceptive business practice. As the allegations in the complaint are not sufficient to state a violation of the TCPA, Standard's motion to dismiss Mary Taylor's TCPA claim is granted.

E. <u>Fourth Claim - Bad Faith Refusal to Pay Claim</u>

Mary Taylor also alleges in the complaint that Standard acted in "bad faith in denying, failing, and/or refusing to pay Plaintiff's claim for the proceeds of the life insurance policy after Decedent's death" in violation of Tenn. Code Ann. § 56-7-105, the "bad faith" penalty statute. (Compl. ¶ 36.) The bad faith penalty statute provides that:

> The insurance companies of this state . . . in all cases where a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy . . . on which the loss occurred, shall be liable to pay the holder of the policy . . . in addition to the loss and interest thereon, a sum not exceeding twenty five percent (25%) on the liability of the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy.

Tenn. Code Ann. § 56-7-105 (2000). Under Tennessee law, "this statute is penal in nature and must be strictly construed." *Minton v. Tenn. Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992).

To recover under the statute, a complaint must allege: (1) that the policy became due and payable under its terms; (2) the insured made a formal demand for payment; (3) sixty days passed from the date of making the demand, unless the insurer refused to pay the claim prior to the passage of sixty days; and (4) the refusal to pay was in bad faith. *Id.* However, the statutory penalty should not be imposed where an insurer fails to pay a claim if there is an actual dispute over the value of the claim, the insurer has not acted in an intentionally indifferent manner towards the claim, and there is no proof that the insurer acted with improper motive. *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986) (citing *Johnson v. Tenn. Farmers Mut. Ins. Co.,* 556 S.W.2d 750 (Tenn. 1977)). A mere delay in payment does not constitute bad faith where "there is a genuine dispute as to the value, no conscious indifference to the claim, and no proof that the insurer acted from 'any improper motive.'" *Kizer v. Progressive Cas. Ins. Co.*, No. 06 CV 1109, 2008 WL2048274 at *5 ( M.D. Tenn. May 12, 2008)(*citing Bard's Apparel Mfg. Inc. v. Bituminous Fire & Marine Ins. Co.*, 849 F.2d 245, 249 (6th Cir. 1988); *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)). Moreover, an insurer's refusal to pay is in good fath if the refusal to pay "rests on legitimate and substantial legal grounds." *Kizer v. Progressive Cas. Ins. Co.*, No. 06 CV 1109, 2008 WL2048274 at *5 ( M.D. Tenn. May 12, 2008).

There are no specific factual allegations in the complaint of bad faith. To the contrary, the complaint specifically sets forth the existence of competing, meritorious claims establishing that Standard's refusal to pay the life insurance proceeds and to honor Mary Taylor's assignment of proceeds rests on legitimate legal grounds, which is good faith. Moreover, Mary Taylor failed to allege the date she made a demand for payment, other than for the assignment of the proceeds to cover the funeral costs, and the passage of sixty days from the date of the demand. Nor is there any demand letter attached to the complaint.

For these reasons, the allegations in Mary Taylor's complaint are not sufficient to state a claim for statutory bad faith refusal to pay under Tennessee law. Standard's motion to dismiss Mary Taylor's statutory bad faith refusal to pay claim is granted.

## III. CONCLUSION

For the reasons stated above, Standard's motion to dismiss is granted in the entirety. A status hearing is set for January 20, 2009, at 3:00 p.m. to discuss Standard's counterclaim and third-party claim for interpleader. Because the amount of the life insurance proceeds in controversy is $41,000, the court believes there is no longer a basis for federal jurisdiction.

IT IS SO ORDERED this 13th day of January, 2009.

                                            s/ Diane K. Vescovo
                                            DIANE K. VESCOVO
                                            UNITED STATES MAGISTRATE JUDGE