IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

```
MARY LOUISE TAYLOR                 )
                                   )
     Plaintiff/Counter-Defendant,  )
                                   )
vs.                                )
                                   )
STANDARD INSURANCE COMPANY         )
                                   )
     Defendant/Counter-Plaintiff.  )
_____  )   No. 08-2585V
                                   )
STANDARD INSURANCE COMPANY,        )
                                   )
     Third-Party Plaintiff,        )
                                   )
vs.                                )
                                   )
BETTIE LOUISE TAYLOR, AUBREY K.    )
TAYLOR, CASSANDRA F. TAYLOR        )
STOCKARD, RITA M. TAYLOR DURR,     )
JENNIFER L. TAYLOR, MINA E.        )
TAYLOR MAYHORN, AL E. TAYLOR and   )
ADRENA TAYLOR JACKSON,             )
                                   )
     Third-Party Defendants        )
```

---

ORDER ON STANDARD'S COUNTERCLAIM/THIRD-PARTY COMPLAINT AND
REMANDING CAUSE OF ACTION

---

Before the court is the October 8, 2008 counterclaim and third-party complaint for interpleader filed by the defendant/counter-plaintiff and third-party plaintiff, Standard Insurance Company ("Standard"), which seeks, among other relief, an order allowing Standard to deposit into court the life insurance proceeds which are legally due and owing under a life insurance

policy issued to Al R. Taylor ("Decedent").  The parties have consented to trial before the United States Magistrate Judge.  For the following reasons, the court does not have subject matter jurisdiction over this matter and remands this action to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, where it originated.

BACKGROUND

Decedent died on December 2, 2007. (Compl. Ex. D.)  At the time of his death, his wife, Mary Taylor, was the named beneficiary of a life insurance policy held by Standard. (Compl. Ex. D.)  The Decedent was previously married to Bettie Taylor. (Compl. Ex. A.) The divorce decree ending the marriage of Decedent and Bettie Taylor, dated July 15, 1974, entered by the Circuit Court of Shelby County, granted Bettie Taylor alimony and child support and required the Decedent to retain Bettie Taylor and "the children" as beneficiaries of the life insurance policy which he owned at that time. (Compl. Ex. A.) On or about January 11, 2008, Standard received notice that Mary and Bettie Taylor were both requesting the proceeds of the Decedent's life insurance policy with its company. (Standard's Counterclaim and Third-Party Compl., Doc. No. 10 ¶ 24.)

On August 8, 2008, Mary Taylor filed a complaint in the Chancery Court of Shelby County, Tennessee alleging breach of contract, fraud, bad faith refusal to pay an insurance claim, and

violation of the Tennessee Consumer Protection Act.  On September 11, 2008, Standard removed the lawsuit to federal court under 28 U.S.C. § 1441, *et. seq.*, on the basis of complete diversity of parties and an amount in controversy exceeding $75,000.00.  On October 8, 2008, Standard filed its counterclaim/third-party complaint seeking to interplead Mary Louise Taylor, Bettie Louise Taylor, and the Decedent's children and seeking an order that:  (1) grants Standard leave to deposit the proceeds of the insurance policy in the approximate amount of $41,000 with the court; (2) requires the plaintiff/counter-defendant and third-party defendants to interplead with each other to determine their respective rights to the insurance policy proceeds at issue; (3) declares that Standard has no further liability to the plaintiff/counter-defendant or to any of the third party defendants as potential beneficiaries under the life insurance policy at issue; (4) releases and dismisses Standard with prejudice from this litigation; and (5) awards Standard its costs and attorneys fees expended in its effort to resolve the issues among the conflicting claims for the insurance proceeds.  (Doc. No. 10, Standard Insurance Company's Counterclaim and Third-Party Compl. for Interpleader, 9.) Mary Taylor's complaint was dismissed on January 13, 2009, by this court.  (Doc. No. 26, Order Granting Def.'s Mot. to Dismiss, 13.)  Thus, Standard's counterclaim and third-party complaint, which has an amount in controversy of $41,000.00, is the

only remaining claim in this lawsuit.

## ANALYSIS

The crucial issue is whether the court has subject matter jurisdiction over the interpleader action filed by Standard in its counterclaim/third-party complaint. Rule 22 of the Federal Rules of Civil Procedure sets forth the procedural framework for the assertion of an interpleader action, but does not confer jurisdiction over such actions to federal courts. *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997); FED. R. CIV. P. 82. An interpleader action, therefore, must be based on a statutory grant of jurisdiction. *Id*. Standard alleges the following bases for jurisdiction in its counterclaim/third-party complaint: (1) the grant of diversity jurisdiction in 28 U.S.C. § 1332; (2) the grant of original jurisdiction over certain interpleader actions in 28 U.S.C. § 1335; and (3) the statutory grant of supplemental jurisdiction under 28 U.S.C. § 1367. (Standard's Counterclaim and Third Party Compl. ¶ 11.)

I.   Jurisdiction under 28 U.S.C. § 1332

Standard contends that this court maintains subject matter jurisdiction over its counterclaim and third party complaint for interpleader under 28 U.S.C. § 1332 even though Mary Taylor's complaint has been dismissed in its entirety. Section 1332 provides for "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000,

4

exclusive of interest and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).  In support of its assertion that this statute confers jurisdiction to the court over the cause of action in its current form, Standard sets forth case law holding that a reduction in the amount in controversy in an action properly removed to federal court does not oust a district court's original jurisdiction under 28 U.S.C.§ 1332.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000).

Stanford's reasoning on this issue, however, is inapposite. As stated above, under Rule 22 an interpleader action must have its own basis for jurisdiction.  Therefore, for 28 U.S.C.§ 1332 to confer jurisdiction over Standard's counterclaim and third party complaint for interpleader, the amount in controversy must exceed $75,000 exclusive of interest and costs and the action must be between citizens of different states. *Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse Inc.*, 200 F. Supp. 2d 689, 696 (E.D. Ky. 2002) (citing 28 U.S.C. § 1332).  Standard's interpleader action has an amount in controversy of $41,000.  As such, 28 U.S.C.§ 1332 does not confer subject matter jurisdiction on this court for the interpleader action.

II. <u>Jurisdiction under 28 U.S.C. § 1335</u>

Standard also asserts that the court has jurisdiction over its

counterclaim/third-party complaint under 28 U.S.C. § 1335, which grants original jurisdiction to federal courts over any action of interpleader between two or more *adverse* claimants of diverse citizenship concerning a fund of $500.00 or more in controversy. 28 U.S.C. § 1335(a)(1).  This statute acts as an independent grant of federal jurisdiction.  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967);  *Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse Inc.*, 200 F. Supp. 2d 689, 694 (E.D. Ky. 2002).  Only minimal diversity is required between claimants, "that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be cocitizens." *Tashire*, 386 U.S. at 530.  Standard's citizenship should not be considered for diversity purposes because it does not assert a claim for the fund in question.  *Bhd. Mut. Ins. Co.,* 200 F. Supp 2d at 689.

In order to meet 28 U.S.C. § 1335's requirement of adverse claims, the claims need not be mutually exclusive but they must have antagonistic component(s).  *Tashire*, 386 U.S. at 533. Antagonism is marked by the interest to defeat or diminish the claim of every other claimant so that one's own recovery is larger. 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1705.

Standard seeks to interplead Bettie Taylor, Mary Taylor, and the Decedent's children. (Doc. No. 10 ¶¶ 2-10.)  The only diverse

party named in the counterclaim/third party complaint for interpleader is Jennifer L. Taylor, the daughter of the Decedent and Bettie Taylor, who is a citizen of Seattle, Washington. (Doc. No. 10 ¶ 6, Ex. N.)  If this interpleader action is to meet the diversity requirement, therefore, Jennifer L. Taylor must be an adverse claimant.  Thus, the court must determine whether Jennifer L. Taylor's claim as beneficiary to the life insurance proceeds at issue is antagonistic to those of her fellow claimants.

The record reflects that Jennifer L. Taylor's claim is non-adverse to the other remaining claims.  The claims of Bettie Taylor and her children to the life insurance proceeds arise out of the divorce decree's requirement that "she [Bettie Taylor] and the children be retained as beneficiaries under the life insurance, hospitalization insurance presently possessed by the defendant [Decedent]." (Compl. Ex. A.)  Each of the children of the Decedent and Bettie Taylor, including Jennifer L. Taylor, therefore would take through the same instrument, their parents' divorce decree, and on the same legal grounds and theories as Bettie Taylor who had a marital interest in the life insurance policy.  Moreover, the parties' actions do not reflect an adversity of interest between the claims of Bettie Taylor and her children.  Jennifer L. Taylor has not asserted a claim to the life insurance proceeds.  Rather, the complaint for interpleader merely states that she "is a person with an interest in the matters involved herein."  (Doc. No. 10 ¶

8.)  She has not retained independent legal counsel; nor have any other children of the Decedent listed in the complaint for interpleader for that matter.  All related pleadings and exhibits cast this dispute as lying between Bettie Taylor's claim under the divorce decree and Mary Taylor's claim under the insurance documents.  (Doc. No. 10 ¶¶ 25,26.)  As such, there is a non-adverse unity of the claims asserted by Bettie Taylor and the interests of her children, including Jennifer Taylor, and Bettie Taylor can adequately address her children's interests.  Accordingly, there are no adverse claimants of diverse citizenship, and 28 U.S.C. § 1335 does not provide an independent ground for this court to exercise jurisdiction over the interpleader.

III. <u>Supplemental Jurisdiction under 28 U.S.C.§ 1367</u>

Standard also asserts that the court has supplemental jurisdiction over Standard's interpleader claim under 28 U.S.C. § 1367.  A district court has supplemental jurisdiction under 28 U.S.C. § 1367 over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The district court may decline to exercise supplemental jurisdiction under this statute, however, where the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Recently, a district court sitting within the Sixth Circuit

8

addressed an interpleader complaint similar to the case at bar. The *Brotherhood* Court refused to exercise supplemental jurisdiction over an interpleader action where the interpleader did not meet any independent grounds for an exercise of subject matter jurisdiction and the claim could adequately be pursued under state law. *Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse Inc.*, 200 F. Supp. 2d 689, 694-96 (E.D. Ky. 2002). The court noted that "several circuits, despite proper subject matter jurisdiction, have refused to grant an interpleader remedy when the issues in the federal complaint could be resolved in state court proceedings." *Id*. at 696 n.7 and cases cited therein.

Remand to state court in the case at bar does not frustrate the purpose of interpleader because federal interpleader is remedial in nature. *Bhd. Mut. Ins. Co.,* 200 F. Supp. 2d at 696 n.7 (citing *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). Interpleader allows a stakeholder with competing claims for the same fund to avoid multiple liability by placing the money in dispute with the court, withdrawing from litigation, and allowing the claimants to litigate their competing claims in court. *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) (quoting *Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 583 (D.C. Cir. 1993)). Here, the Tennessee Rules of Civil Procedure provide the same remedy to Standard in state court. See 1-6 Robert Banks & June F. Entman, *Tennessee Civil Procedure* §6-8. Because the

original claims were dismissed, the complaint for interpleader is for less than $75,000.00, and there are no diverse adverse claimants, this is essentially an action under Tennessee state law. In addition, resolution of the interpleader claim will probably require the interpretation of the state court's divorce decree. This court, therefore, declines to exercise supplemental jurisdiction over Standard's interpleader action.

## CONCLUSION

For the foregoing reasons, this cause of action is remanded to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis.

IT IS SO ORDERED this 19th day of February, 2009.

<u>s/ Diane K. Vescovo</u>
UNITED STATES MAGISTRATE JUDGE